Informal Opinion No. 98-12 James R. O'Day, Esq. Oneonta Board of Fire Commissioners 515 East Main Street Endicott, New York 13760
Dear Mr. O'Day:
You have asked whether a full or part-time paid fire fighter of a city may also serve as commissioner of a fire district. You have explained that the Oneonta Fire District does not have its own fire company with fire fighting capacity. The District annually contracts with the City of Oneonta for fire protection services. The city has a paid fire department. The subject individual is a paid fire fighter of the City of Oneonta. Your question is whether he or she may also serve as a commissioner of the Oneonta Fire District.
You have indicated that the district has limited functions. The Board of Commissioners, on behalf of the District, annually contracts with the City of Oneonta for fire protection and approves the budget for the District. The budget primarily reflects contract expenses. You informed us that the contract provides a significant part of the city's fire department budget.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office is People ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
The functions of the Board of Commissioners are limited to approval of the contract with the City of Oneonta and approval of a budget which reflects primarily the cost of the contract. In our view a person should not serve as a commissioner and as a paid fire fighter for the City of Oneonta. The duties of the two positions are in conflict. As a commissioner, this individual has an interest in provision of fire protection to District residents at a reasonable cost. This interest is based upon the commissioner's position as an elected official representing residents of the District, whose taxes will be affected directly by the cost of the contract. On the other hand, payments under the contract are a source of revenue for this individual's employer, the City of Oneonta. There are "subtle but powerful psychological pressures" placed on an employee who inevitably recognizes the importance of this source of revenue to his or her employer. See, 1986 Op Atty Gen (Inf) 112. Also, consideration under the contract could affect fire fighter benefits and staffing. Thus, dual holding of these positions creates at least an appearance that the duties are in conflict.
The person's belief that he or she can undertake both responsibilities impartially is irrelevant. When a person holds two positions whose duties are in conflict, he or she cannot objectively defend him or herself against charges of improper conduct by members of the public. Even the appearance of impropriety must be avoided in order to maintain public confidence in government. In our view the duties of these positions are in conflict and, therefore, may not be held by the same person.
We conclude that a paid fire fighter of a fire department providing service by contract to a fire district may not also serve as a commissioner of that district.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions